NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARING HANDS HEALTH EQUIPMENT & SUPPLIES, LLC,**
*Appellant*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Appellee*

---

2022-2202

---

Appeal from the Civilian Board of Contract Appeals in No. 6814, Administrative Judge Beverly M. Russell, Administrative Judge Kyle E. Chadwick, Administrative Judge Allan H. Goodman.

---

Decided:  January 22, 2024

---

EDWARD J. TOLCHIN, Offit Kurman, Columbia, MD, argued for appellant.

GEOFFREY MARTIN LONG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI; NEIL DEOL, Office of General

Counsel, United States Department of Veterans Affairs, Decatur, GA.

————————————

Before MOORE, *Chief Judge*, CLEVENGER and STARK, *Circuit Judges*.

MOORE, *Chief Judge*.

Caring Hands Health Equipment and Supplies, LLC (Caring Hands) appeals a decision of the Civilian Board of Contract Appeals (Board) granting the Department of Veterans Affairs' (VA) motion for summary judgment on Caring Hands' breach of contract claims. For the following reasons, we affirm in part, reverse in part, and remand.

## BACKGROUND

Caring Hands and the VA entered into sixteen contracts for Caring Hands to deliver Government-owned home medical equipment (HME) from VA warehouses to beneficiaries of designated VA Medical Centers within a specific geographic area. The parties classify the contracts into two groups of eight contracts—the 2014 contracts and the 2015 contracts. The 2014 contracts have a performance period of August 2014 through July 2015. *See, e.g.*, J.A. 111.[1] The 2015 contracts have a performance period of

————————————

[1]    The 2014 contracts are Contract Nos. VA247-14-D-0323, VA247-14-D-0324, VA247-14-D-0325, VA247-14-D-0327, VA247-14-D-0328, VA247-14-D-0329, VA247-14-D-0331, and VA247-14-D-0333. Because the contracts are substantially identical, we cite to Contract No. VA247-14-D-0323, J.A. 111–95, as representative unless otherwise indicated.

August 2015 to January 2017.  *See, e.g.*, J.A. 1027, 1062.[2]

The 2014 contracts are largely identical in relevant part.  Each contract defines a geographic area within which Caring Hands was to "furnish all labor, transportation, materials, tools, equipment, and supervision required to provide [HME] services to beneficiaries of VA medical centers."  J.A. 129.  Each contains the Federal Acquisition Regulation (FAR) Indefinite Quantity clause (FAR 52.216-22), J.A. 153, and Order Limitations clause (FAR 52.216-19), J.A. 152.

The 2015 contracts are also largely identical.  The 2015 contracts do not contain the FAR Indefinite Quantity clause, Order Limitations clause, or Requirements clause (FAR 52.216-21).  The contracts contain a "General Requirements" clause in the Statement of Work (SOW) which reads in relevant part, "The volumes or amounts shown . . . are estimates only and impose no obligation on the VA.  The contract shall be for the actual requirements of the VA as ordered by the VA during the life of the contract."  J.A. 1040.

The VA ordered HME services from entities other than Caring Hands during the performance period of the 2014 and 2015 contracts.  In response, Caring Hands submitted a certified claim to the contracting officer alleging Caring Hands was the sole party from which the VA could order HME services for the contracted areas.  Because the contracting officer did not respond, the claim was deemed denied.  Caring Hands appealed to the Board.

---

[2]    The 2015 contracts are Contract Nos. VA247-15-D-0257, VA247-15-D-0258, VA247-15-D-0259, VA247-15-D-0260, VA247-15-D-0261, VA247-15-D-0262, VA247-15-D-0263, and VA247-15-D-0264.  Because the contracts are substantially identical, we cite to Contract No. VA247-15-D-0257, J.A. 1027–62, as representative unless otherwise indicated.

Before the Board, Caring Hands and the VA filed cross-motions for summary judgment as to entitlement. The Board granted the VA's motion and denied Caring Hands' motion. The Board first held the 2014 contracts are IDIQ contracts. Because the VA properly ordered and paid for Caring Hands' HME services under the 2014 contracts, the contracts do not entitle Caring Hands to additional recovery. The Board also held the 2015 contracts are illusory because they are neither requirements contracts nor enforceable IDIQ contracts. Caring Hands appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(10).

## DISCUSSION

We review the Board's grant of summary judgment de novo. 41 U.S.C. § 7107(b)(1); *Rex Sys., Inc. v. Cohen*, 224 F.3d 1367, 1371 (Fed. Cir. 2000). Contract interpretation is a question of law we review de novo. *Rockies Express Pipeline LLC v. Salazar*, 730 F.3d 1330, 1335–36 (Fed. Cir. 2013). Caring Hands challenges the Board's grant of summary judgment for both sets of contracts.

## I.    2015 CONTRACTS

Caring Hands challenges the Board's conclusion that the 2015 contracts are not requirements contracts. The Board reasoned they are not requirements contracts because they do not contain the FAR Requirements clause "or any other provision or language containing 'words of exclusivity' that require all work to be assigned to the contractor." J.A. 10–11. The Board held that the General Requirements clause interpreted as a whole creates no ordering duty for the VA. We do not agree.

The language of the 2015 contracts unambiguously establishes an intent to create requirements contracts. "A requirements contract is formed when the seller has the exclusive right and legal obligation to fill all of the buyer's needs for the goods or services described in the contract. . . . [A]n essential element of a requirements contract is the promise by the buyer to purchase the subject matter of the

contract exclusively from the seller." *Mod. Sys. Tech. Corp. v. United States*, 979 F.2d 200, 205 (Fed. Cir. 1992) (citations omitted). Where, as here, the FAR Requirements clause is not present in the contract it is "more difficult to find the required exclusivity." *Coyle's Pest Control, Inc. v. Cuomo*, 154 F.3d 1302, 1305 (Fed. Cir. 1998). The plain language of the 2015 contracts establishes the requisite exclusivity. The General Requirements clause states, "The contract shall be for the *actual requirements of the VA* as ordered by the VA during the life of the contract." J.A. 1040 (emphasis added). The words "actual requirements of the VA" obligated the VA to order all required HME services from Caring Hands.

The VA argues this clause does not obligate the VA to order HME services exclusively from Caring Hands because the prior sentence provides "[t]he volumes or amounts shown . . . are *estimates only and impose no obligation on the VA*." J.A. 1040 (emphasis added). This interpretation gives no effect to the words "actual requirements of the VA." *See Abraham v. Rockwell Int'l Corp.*, 326 F.3d 1242, 1254 (Fed. Cir. 2003) (a contract interpretation which gives reasonable effect to all terms is preferred over one which renders a term superfluous). To be sure, the VA was under no obligation to order any specific amount of HME services. It was only committed to have Caring Hands fulfill "the actual requirements of the VA." We hold the 2015 contracts are requirements contracts and therefore reverse the Board's grant of summary judgment with respect to the 2015 contracts.

## II.    2014 CONTRACTS

The only issue on appeal regarding the 2014 contracts is whether they are requirements contracts.[3] We conclude

---

[3] *See* Oral Arg. at 29:36–30:10, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-2202_12072023.mp3.

the 2014 contracts are not requirements contracts as a matter of law because they do not contain the FAR Requirements clause or any other words of exclusivity. *Coyle's Pest Control*, 154 F.3d at 1305. Caring Hands argues there are genuine issues of material fact precluding summary judgment, including variance in Order Limitations clauses, allegedly ambiguous language in the General Requirements clause, and missing SOWs. Appellant's Opening Br. at 25–27. In particular, Caring Hands alleges without support that the SOWs missing from the 2014 contracts would have contained the operative requirements language in the SOWs attached to the 2015 contracts. *Caring Hands Health Equip. & Supplies, LLC v. Dep't of Veterans Affs.*, CBCA 6814, 22-1 BCA ¶ 38,182 n.1. These arguments do not establish a material factual dispute regarding whether the 2014 contracts are requirements contracts because none of the evidence Caring Hands cites could establish the necessary exclusivity. We therefore affirm the Board's grant of summary judgment with respect to the 2014 contracts.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. For the reasons given, we reverse the Board's grant of summary judgment with respect to the 2015 contracts and remand for further proceedings consistent with this opinion. We affirm the Board's grant of summary judgment with respect to the 2014 contracts.

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

### COSTS

No costs.